## In re PRESCOTT.
### Patent Appeal No. 3294.

Court of Customs and Patent Appeals.
June 12, 1934.

Sydney I. Prescott, of New York City, pro se.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

## GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the final decision of the Examiner, holding as unpatentable over the prior art cited all the claims (five in number) of appellant's application for patent on alleged improvements in a tire rim mount; claim 5 being also rejected on the ground of aggregativeness.

Claims 1 and 5 seem to be fairly representative:

"1. The combination with a wheel body, of a series of threaded studs immovably secured to said body, a rim having apertures through which said studs project, and nuts on said studs engaging the outboard side of said rim and having in said apertures substantially cylindrical skirts positioning said rim concentric with and free from the periphery of said body, whereby a load on the wheel locks said nuts in position without stressing the threads of the studs and nuts."

"5. The combination with a wheel body, of a series of threaded studs immovably secured to said body, a rim provided with outer ribs adapted to engage split tire flanges and also provided with an inner rib having apertures through which said studs project, and nuts on said studs engaging the outboard side of said inner rib and having in said apertures substantially cylindrical skirts positioning said rim concentric with and free from the periphery of said body, whereby a load on the wheel locks said nuts in position without stressing the threads of the studs and nuts."

The references cited are: Seiberling, Re., 12777, April 7, 1908; Olier (French), 598817 of 1925; Hunt, 1787074, December 30, 1930; Wagenhorst, 1814198, July 14, 1931; Prescott, 1859936, May 24, 1932.

Before this court appellant personally filed a brief in support of his contentions, but there was no oral argument presented by or for him. The following is a general statement which his brief contains: "All five claims call for variant combinations for securing a demountable rim to a wheel body by means of studs and nuts which not only hold the rim against the side of the body but also position the rim concentric with and free from the periphery of the body, to enable the nuts to support a load on the wheel, and to enable the load to react on the nuts to hold them more securely in position when the wheel is in service under present-day high power and speed conditions."

A more specific description of appellant's device is found in the brief of the solicitor for the Patent Office: "The application relates to a tire rim mount and discloses a wheel having a rim including an endless ring 7 provided with ribs or flanges 8 adapted to be engaged by quick detachable split tire flanges 9, and an integral inner rib 10 which has a series of apertures 11 for threaded studs 6 which hold the wheel body disc 3 to the rib 10. Each stud 6 is located in a depression 4 of the disc 3 and is immovably secured thereto. For holding the rim in position against the side of the body, there are provided nuts 12 on the studs 6 which engage the outboard side of the rib 10 and have in the apertures 11 substantially cylindrical skirts 13 filling the space between the studs and the walls of the apertures. By an inspection of Fig. 2, it will be observed that the body flange 5 is not in contact with the tire flange 9, and that the nut skirts 13 constitute the only means for positioning the rim concentric with, and free from the periphery of, the body."

The basic reference is the French patent to Olier. It relates to a method of securing metallic wheels of stamped sheet iron, and shows a form of joint between the flanges of the hub and the wheel disc. Figure 2 of the drawings shows these parts held together by a stud having a nut at the left which, it is argued by the solicitor for the Patent Office, "obviously can secure the stud immovably in the flange of the hub." At the right is another nut with a long skirt which fills the space between the stud and the hole in the wheel disc in which it is placed.

The patent to Hunt was cited as disclosing riveted studs immovably securing the brake drum and disk body of a disk wheel mounting to the hub flange, and that to Wagenhorst as showing a rim-attaching flange substantially similar to the rib used by appellant in attaching his rim. The Seiberling patent was cited in connection with the rejection of claim 5, as anticipating that feature of the claim embraced in the clause reading, "a rim provided with outer ribs adapted to engage split tire flanges." The patent to Prescott was cited by the Examiner in connection with his rejection of claim 5 upon the ground of aggregativeness.

The brief of appellant insists that the Olier device is a fair example of a "demountable wheel," while appellant's device is a fair example of a "demountable rim"; that these

are never confused in the industry; that the rim shown in Olier's wheels "is readily recognizable as an older and well known non-demountable clincher rim of the type that were riveted or welded on the peripheries of steel disk wheel bodies"; that Olier's invention plainly resided in a specific conical wheel body mount on a hub, the rim being no part of the invention, and that appellant's improvement could not result from substituting any of the demountable rims of the other references for Olier's nondemountable rim, "because no reference of record discloses the required construction, or force employed, or principle involved, or functions performed, or effect produced thereby."

Appellant shows openings in the disk through which pass threaded studs; the openings being larger than the studs. The nuts for the studs are provided with skirts which enter the openings and protect the threads of the studs. The studs are immovably secured to the wheel body and remain permanently in place. When it is desired to detach the rim the nuts are unscrewed. When the rim is replaced the nuts are screwed to proper position upon the studs. This arrangement positions the rim concentric with the periphery of the wheel body, but free therefrom, and there is obtained the result whereby a load upon the wheel locks the nuts in position without placing stress upon the threads of the studs.

Olier unites his wheel parts in substantially the same manner; that is, by studs inserted through openings larger than the studs, one of the nuts which fits over one of the studs having a skirt for filling the space between the stud and the hole. A result obtained by this patent is stated to be that of relieving the studs "in whole or in part of the stresses due to propulsion and to jolts on the road."

It would seem, therefore, that appellant has applied, in attaching his rim to the wheel, substantially the same principle and much the same form of structure applied by Olier in uniting his wheel parts.

We are of the opinion that the holding of the tribunals of the Patent Office as to Olier and Hunt teaching he "immovability" feature of the studs is correct, as are the holdings with respect to Wagenhorst anticipating the feature of the rib dimensions and Seiberling the features already noted.

So the question is resolved into one of whether it involved invention to apply to appellant's rim structure that which, substantially, Olier applied to his wheel structure.

We feel constrained to differ from the tribunals of the Patent Office with respect to this, because it seems to us that the problems which appellant and Olier sought to solve were distinct from each other. Olier was dealing with a problem relating to a wheel structure in which the matter of a detachable rim had no place. Appellant's problem was solely with the rim.

It is not claimed that any of the other references are anticipatory except as to the special features already described, and these do not affect the question of the patentability of appellant's combination as a combination.

As has been stated, claim 5 was also rejected as aggregative. It seems to include the specific rim structure and this appears to be anticipated by Seiberling. The Board of Appeals says: " * * * We are satisfied that the specific manner of mounting the rim is not in any way affected by the nature of the rim per se and that there is no patentable combination between the specific rim and the specific mounting."

To us the statement of the Examiner is somewhat clearer than that of the board. He says: "Claim 5 was rejected as drawn to an aggregation of a specific rim mounting means and a specific tire mounting means. The two specific features are independent of each other and each might be used without the other specific structure."

Appellant contends, in substance, that this claim is substantially the same as claim 1, only more specific.

Notwithstanding this contention, we are of the opinion that the construction given the claim by the concurring decisions of the Patent Office tribunals is correct, and that their expert opinions upon that should prevail.

The decision of the Board of Appeals is reversed as to claims Nos. 1, 2, 3, and 4, and affirmed as to claim No. 5.

Modified.

HATFIELD, Associate Judge, did not participate.